Marcus Gr. Christ, J.
Motion by defendant for summary judgment dismissing the complaint.
The plaintiff pleads that on October 25, 1955 the parties entered into a written agreement for the sale of premises located at 101 Lawrence Avenue, Oceanside, New York. The agreement *338 allegedly provided (paragraph “Second” of complaint) that the conveyance would he ‘ ‘ free of all liens and encumbrances, except as expressly- stated therein ’ \ A deed was delivered to the plaintiff purchaser on December 5, 1955 and on or about March 15, 1957 the plaintiff learned that at the time of the closing of title “ there existed outstanding and unpaid paving and curbing bills and obligations against the premises in the sum of Six hundred thirteen and 36/100 ($613.36) Dollars ”. The plaintiff pleads that he would not have purchased the premises had he known of the aforesaid obligation and he seeks damages for $613.36.
The answer denies the material allegations of the complaint.
In support of the motion the defendant attaches a copy of the written agreement. An examination of that document reveals two paragraphs referring to assessments or liens in existence at the time of the closing. In one paragraph provision is made for the payment or discharge by the seller of all assessments of which the first installment is then a charge or lien. In another paragraph reference is made to the payment of unpaid assessments and to “ liens or encumbrances ” which the seller is obligated to pay at the date of the closing of title.
Attached to the moving papers are copies of two resolutions adopted by the Town Board of the Town of Hempstead on September 11, 1956 and October 16, 1956 in which assessments for sidewalk improvements were made against numerous parcels of property benefited by said improvements. The subject premises were assessed by those resolutions in the sum of $613.36.
It must be concluded that as no assessment was made until many months after the delivery of the deed there was no lien or encumbrance in existence at the time of the closing.
The plaintiff submits an affidavit in which he avers that the sidewalk improvement was done before the contract was drawn pursuant to a notice from the Town -of Hempstead which provided that if the property owner did not have such improvements made by a specified date the town would repair the sidewalk and assess the cost thereof against the property owner in accordance with the law (Town Law, § 200-a).
The plaintiff contends that the defendant violated subdivision (5) of section 13 of the Lien Law to which reference is made in the agreement but said section is inapplicable as it pertains only to mechanics’ liens.
The plaintiff avers that he is. not seeking to recover “on an assessment which did not exist at the time, of the closing ” but is seeking damages in the amount he was required to pay “ as *339 a result of the false and untrue statement upon the part of the defendant ”.
Confining ourselves to the written agreement as we must since the action is not for a rescission of the contract (Sabo v. Delman, 3 N Y 2d 155) the only conclusion which may be drawn is that the defendant did not agree to pay whatever assessment might be subsequently levied on the premises. The contract contains no such covenant, and, as it does provide “ all understandings and agreements heretofore had between the parties hereto are merged in this contract which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation not embodied in this contract ”, parol evidence would be inadmissible to show such representation (Sabo v. Delman, supra, p. 161).
Accordingly, as it clearly appears that the defendant did not breach his agreement with the plaintiff, the motion is granted.
Settle order on notice.